JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Defendant-appellant, Rosue Pierce ("Pierce"), is appealing the trial court's denial of his motion to withdraw his guilty plea. Finding no merit to the appeal, we affirm the decision of the trial court.
 {¶ 2} In June 2005, Pierce was charged in two separate cases with possession of drugs, drug trafficking, rape with firearm specifications, kidnapping with a sexual motivation specification and firearm specification, and having a weapon while under disability. In February 2006, he pled guilty to possession of drugs, an amended count of gross sexual imposition, and an amended count of carrying a concealed weapon, all fourth degree felonies.
 {¶ 3} Three weeks before sentencing, Pierce filed a pro se motion to withdraw his guilty plea, claiming that his counsel had been ineffective. On the day of sentencing, the trial court held a full hearing and denied his motion. Pierce was sentenced to three years of community control sanctions and classified as a sexually oriented offender. Pierce appeals, raising one assignment of error.
 {¶ 4} Pierce argues in his sole assigned error that the trial court erred in denying his motion to withdraw his guilty plea prior to sentencing.
 {¶ 5} Crim.R. 32.1 provides that a defendant may move to withdraw his guilty plea prior to sentencing. A defendant who so moves does not have an absolute right to have his guilty plea withdrawn. The trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for withdrawal of the *Page 3 
plea. State v. Xie (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715. The decision to grant or deny the motion is within the trial court's discretion and will not be disturbed absent a finding of an abuse of discretion. Id.
 {¶ 6} In State v. Peterseim (1980), 68 Ohio App.2d 211,428 N.E.2d 863, this court set forth the following test to determine whether the trial court abused its discretion in denying a defendant's motion to withdraw a plea:
 "A trial court does not abuse its discretion in overruling a motion to withdraw:
 (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdraw request."
See also State v. Haywood, Cuyahoga App. No. 87823, 2006-Ohio-6445.
 {¶ 7} Although Pierce argued in his motion to withdraw his guilty plea that his counsel was ineffective, he does not make that argument on appeal. Rather, he now argues that he was pressured to enter the plea agreement so that he could be released from the county jail pending sentencing, and that the trial court abused its discretion because thePeterseim factors were not met. On both matters, we disagree. *Page 4 
 {¶ 8} First, there is no evidence of coercion. A review of the record shows that the trial court had a full discussion with Pierce during the plea colloquy. Pierce was also represented by counsel. Although Pierce said at one point that he thought that the plea was "kinda like being forced" upon him, he later stated that he "voluntarily agree to plead" and asked the court to proceed. Pierce also indicated that he had "pressing matters" and "needed to get out of jail," but he never indicated that this factored into his reasoning for pleading guilty to the amended charges. Pierce indicated to the court "I understand everything, and I am totally aware, and I am fine."
 {¶ 9} We also find that the trial court complied with the requirements set forth in Peterseim. First, Pierce was represented by three attorneys during the pendency of his case.[1] The record indicates that Pierce retained private counsel after being assisted by a public defender. During the plea colloquy, Pierce told the trial court that he was satisfied with his attorney who had assisted him in preparing for trial, negotiated with the State for a plea agreement, and assisted Pierce in entering the plea. Although Pierce later argued that his retained counsel was ineffective, the record shows that counsel complied with discovery, attended numerous pretrials, and negotiated extensively with the State to obtain a favorable plea bargain for his client. Although Pierce may have been displeased with the various attorneys who *Page 4 
represented him, there is no evidence that counsel was incompetent or ineffective. Counsel assisted in reducing several serious charges to fourth degree felonies and obtaining a sentence of community control sanctions.
 {¶ 10} Second, we find that Pierce was afforded a full Crim.R. 11 hearing before entering his guilty plea.[2] Pierce claims that the trial court did not comply with Crim.R. 11 because the court did not inform him of his right to testify. To the contrary, the trial court expressly stated, "You have a right to testify. If you decide not to testify, the fact that you did not testify could not be commented upon by the prosecutor."
 {¶ 11} Third, we find that the trial court gave Pierce a full hearing on his motion to withdraw his guilty plea, thus satisfying the third requirement in Peterseim. And finally, the record shows that the trial court gave full and fair consideration to Pierce's motion. Although Pierce argues that the trial court gave his motion "no more than a cursory review," the record reflects that the court held a lengthy hearing and allowed Pierce to air his numerous grievances against his counsel. Those grievances included Pierce's claim that counsel ignored or failed to obtain new exculpatory evidence, specifically, a written statement and an audiotape from the victim, telephone records, and testimony from two additional witnesses. The trial *Page 5 
court also heard from the assistant prosecutor, who explained that the State had long been aware of the purported exculpatory evidence, had investigated that evidence, and had used the results of its investigation to negotiate a plea agreement with Pierce.
 {¶ 12} Thus, we find that because all four elements set forth inPeterseim were satisfied, the trial court did not abuse its discretion in denying Pierce's motion to withdraw his plea.
 {¶ 13} Therefore, the assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J. and ANTHONY O. CALABRESE, JR., J. CONCUR
[1] The third attorney representing Pierce, an assistant public defender, represented Pierce at his sexual predator classification hearing in July 2006.
[2] Crim.R. 11 protects a defendant's constitutional right to have the trial court accept only knowing, intelligent, and voluntary pleas.State v. Boshko (2000), 139 Ohio App.3d 827, 833, 745 N.E.2d 1111. *Page 1