JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, William Hurst ("Hurst"), appeals the trial court's denial of his motion to withdraw his guilty plea. Finding no merit to the appeal, we affirm.
 {¶ 2} In 2005, Hurst was charged with multiple counts of attempted rape and kidnapping stemming from two separate incidents in which Hurst allegedly attacked a woman at a bus stop and threatened to rape and kill her. He pled guilty to one count of attempted rape in the first case and one count of attempted rape with a notice of prior conviction in the second case. Prior to sentencing, Hurst filed a motion to withdraw his guilty pleas. The trial court denied the motion after a full hearing. The court then classified Hurst as a sexual predator and sentenced him to a total of sixteen years in prison.
 {¶ 3} Hurst raises one assignment of error on appeal, arguing that the trial court erred in denying his presentence motion to withdraw his guilty plea.
 {¶ 4} Crim.R. 32.1 provides that a defendant may move to withdraw his guilty plea prior to sentencing. A defendant who so moves, however, does not have an absolute right to have his guilty plea withdrawn. The trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for withdrawal of the plea. State v. Xie (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715. The decision to grant or deny the motion is within the trial court's discretion and will *Page 4 
not be disturbed absent a finding of an abuse of discretion. Id.
 {¶ 5} In State v. Peterseim (1980), 68 Ohio App.2d 211,428 N.E.2d 863, this court set forth the following test to determine whether the trial court abused its discretion in denying a defendant's motion to withdraw a plea:
 {¶ 6} "A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request." See also State v. Pierce, Cuyahoga App. No. 88598,2007-Ohio-3416; State v. Haywood, Cuyahoga App. No. 87823, 2006-Ohio-6445.
 {¶ 7} In his motion to withdraw his guilty plea, Hurst argued that he had made a mistake in "taking a plea deal" and did not think he was guilty of the crimes for which he had pled guilty. In addition to his motion, the record contains two handwritten letters from Hurst to the court in which he admitted guilt in at least one of the cases and then denied being guilty of the crimes as charged in his indictments. Instead, he argued, he should be found guilty of aggravated assault in one case and "let go" on the other case, because he did not remember what happened due to his level of intoxication at the time the crime occurred. The court held a hearing and denied his motion.
 {¶ 8} We find that the trial court complied with the requirements set forth in *Page 5 Peterseim. Hurst was represented by competent counsel and informed the court during his plea hearing that he was satisfied with his attorney. Our review of the transcript shows that he was afforded a complete Crim.R. 11 hearing.[1] Although the transcript shows that Hurst vacillated between going to trial and pleading guilty, at the plea hearing his attorney told the court that Hurst was ready to plead guilty to the amended indictment. We also note that his counsel, during the motion hearing, expressly told the trial court that he was not alleging a Crim.R. 11 violation. Instead, Hurst argued that he changed his mind within days after entering his plea, and he did not think he was guilty of attempted rape.
 {¶ 9} We also find that the trial court afforded Hurst a full hearing on his motion to withdraw. The record reflects that the court held a lengthy hearing and allowed Hurst to explain why he should be able to withdraw his plea. The record also shows that the court gave full and fair consideration to Hurst's motion. The court stated that it was denying his motion, noting that the court had taken the plea in compliance with Crim.R. 11 and Hurst appeared to be trying to delay the disposition of his cases.
 {¶ 10} We agree with the trial court that, in the instant case, a mere change of heart does not constitute a reasonable or legitimate basis to allow a defendant to withdraw his guilty plea. We further find that because all four elements set forth in *Page 6 Peterseim were satisfied, the trial court did not abuse its discretion in denying Hurst's motion to withdraw his plea.
 {¶ 11} Therefore, the assignment of error is overruled.
 {¶ 12} Accordingly, judgment is affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, J., and MARY J. BOYLE, J., CONCUR
[1] Crim.R. 11 protects a defendant's constitutional right to have the trial court accept only knowing, intelligent, and voluntary pleas.State v. Boshko (2000), 139 Ohio App.3d 827, 833, 745 N.E.2d 1111. *Page 1