[Cite as *State v. Harris*, 2011-Ohio-6159.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   96335

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOSEPH L. HARRIS

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No.   CR-540159

**BEFORE:**   Keough, J., Boyle, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**   December 1, 2011

**ATTORNEY FOR APPELLANT**

Kelly A. Gallagher
P.O. Box 306
Avon Lake, OH 44012

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Erin Stone
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

Defendant-appellant, Joseph Harris ("Harris"), appeals the trial court's decision denying his motion to withdraw his guilty plea.   For the reasons that follow, we affirm.

In 2010, Harris was charged with one count each of kidnapping, having weapons while under disability, vandalism, and domestic violence with a prior conviction specification.   All counts contained a forfeiture specification of the firearm.   Further, the kidnapping and domestic violence counts also contained one- and three-year firearm specifications.

Harris subsequently entered into a negotiated plea agreement where he pled guilty to the domestic violence charge, including the one-year firearm specification, having weapons while under disability, and the forfeiture specification. All other charges were dismissed. Prior to sentencing, Harris filed a pro se motion to withdraw his guilty plea, asserting that he was under "duress and stress" when he entered his plea. He attached an affidavit, allegedly by the victim in the case, which averred that she had made false allegations against Harris and he was not guilty.

After conducting a hearing on Harris's motion, the trial judge denied the motion and sentenced Harris to an aggregate prison term of four years. Harris appeals, raising as his sole assignment of error that the trial court erred in denying his motion to withdraw his guilty plea.

"Crim.R. 32.1 provides that a defendant may move to withdraw his guilty plea prior to sentencing. A defendant who so moves, however, does not have an absolute right to have his guilty plea withdrawn. The trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for withdrawal of the plea. *State v. Xie* (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715. The decision to grant or deny the motion is within the trial court's discretion and will not be disturbed absent a finding of an abuse of discretion. Id." *State v. Hurst*, Cuyahoga App. No. 89297, 2007-Ohio-6326, ¶4. A mere change of heart is insufficient grounds for the withdrawal of a guilty plea prior to sentencing. *State v. Benjamin*, Cuyahoga App. No. 85071, 2005-Ohio-2322, ¶9.

In *State v. Peterseim* (1980), 68 Ohio App.2d 211, 428 N.E.2d 863, this court set forth the standard for determining whether the trial court has abused its discretion in denying a presentence motion to withdraw a plea:

"A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request." Id. at paragraph three of the syllabus.

In *State v. Montgomery*, Cuyahoga App. No. 87246, 2006-Ohio-3850, this court added an additional factor for courts to apply when considering a defendant's motion to withdraw his guilty plea. "In a case in which the record reflects the defendant made his decision to enter a guilty plea at the time his case had been called for trial, with the parties fully prepared to go forward, the jury about to be chosen, and the witnesses present, the trial court certainly acts within its discretion to include this circumstance in the subsequent consideration of the genuineness of the defendant's motion to withdraw his guilty plea." Id. at ¶16.

In this case, we find that the trial court did not abuse its discretion in denying Harris's motion to withdraw his guilty plea. The record before us shows that Harris was represented by highly competent counsel and was afforded a full hearing pursuant to Crim.R. 11 before he entered the plea. Harris's counsel negotiated a plea agreement that

substantially reduced Harris's possible prison term and discussed with the trial court prior to the plea a bond reduction and the possibility of a minimum sentence. Moreover, during the Crim.R. 11 colloquy, Harris affirmatively stated that he was satisfied with his attorney's representation. The trial court also conducted a full and complete Crim.R. 11 hearing, thoroughly explaining the nature of proceedings, Harris's constitutional rights, the plea offer, and the consequences of a guilty plea.

Furthermore, we find that Harris was given a complete and impartial hearing on his motion to withdraw his plea, and the record reveals that the court gave full and fair consideration of his plea withdrawal request. The trial court rescheduled Harris's initial sentencing hearing to properly conduct a hearing on his motion to withdraw his plea. Moreover, the record before us, including the transcript of the hearing on Harris's motion, reveals that the trial court gave the motion full and fair consideration.

We also find that Harris's blanket assertion that he entered into the guilty plea while under "stress and duress" is insufficient to demonstrate that his plea was not made knowingly, intelligently, and voluntarily. Harris was not under the stress of his case being called for trial because his trial date was scheduled for the following week. Although Harris's counsel indicated that he would withdraw as counsel if Harris wanted to proceed with trial, the trial court advised Harris that the trial would be continued and that new counsel would have to be retained or appointed. At no time did the trial court indicate that Harris would have to proceed pro se or that court would be biased towards him in any way.

Moreover, the trial court did not abuse its discretion in finding the affidavit attached to Harris's motion speculative in light of the information provided by the State in its brief in opposition. We find that Harris's motion to withdraw his plea was merely a change of heart and, thus, an insufficient basis to grant his motion.

Accordingly, the trial court did not abuse its discretion in denying Harris's motion to withdraw his plea. The assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR