[Cite as *Chase Home Fin., L.L.C. v. Smith*, 2014-Ohio-3767.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| CHASE HOME FINANCE, LLC, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | : | **CASE NO. 2013-P-0017** |
| - vs - | : | |
| TERRY M. SMITH, a.k.a. | : | |
| TERRY SMITH, et al., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2005 CV 00751.

Judgment: Affirmed.

*Edward M. Kochalski*, *John E. Codrea*, *Anne Marie Johnson*, *Matthew G. Bruce*, *Sherrie Mikhail Midday*, and *Andrew C. Clark*, Manley, Deas, Kochalski, L.L.C., P.O. Box 165028, 1400 Goodale Boulevard, Suite #200, Columbus, OH 43216-5028; *Anne Marie Sferra*, *Nelson M. Reid*, and *Daniel C. Gibson*, Bricker & Eckler, L.L.P., 100 South Third Street, Columbus, OH 43215 (For Plaintiff-Appellee).

*Andrew M. Engel*, Andrew M. Engel Co., L.P.A., 7071 Corporate Way, Suite 201, Centerville, OH 45459-4245 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1}  This appeal is from the Portage County Court of Common Pleas. Appellant Terry M. Smith appeals the judgment confirming the sale of her house arguing that the preceding foreclosure decree ordering sale did not constitute a final appealable order. She also alleges various irregularities in the sale of her property. For the following reasons, we affirm.

{¶2} On June 24, 2005, Chase filed a complaint in foreclosure against Smith for her default on her mortgage and note. Ultimately, the trial court awarded Chase judgment on the note in "the sum of $178,156.59 plus interest thereon at the rate of 6.875% per annum, and as may be subsequently adjusted pursuant to the terms of the promissory note, from February, 1 2005, plus all other fees and costs permitted, plus advances including, without limitation, real estate taxes, hazard insurance premiums, and property protection * * *." The trial court found that Chase "may have advanced or may advance during the pendency of this action sums for the payment of taxes, hazard insurance premiums and protection of the property described herein, the total amount of which is undetermined at the present time, but will be ascertainable at the time of the Sherriff's Sale * * *. The Court reserves for further order a determination of the exact, if any amount due Plaintiff for said advances."

{¶3} Smith appealed that order; however, we dismissed for failure to prosecute on December 20, 2010. After two Smith bankruptcy filings, the property was eventually appraised on July 27, 2012, and sold on December 10, 2012. On January 29, 2013, the trial court confirmed the sale. Smith now appeals the confirmation entry.

{¶4} As her first assignment of error, Smith alleges:

{¶5} "The trial court erred in permitting a judicial sale of the property when it had not yet granted a final judgment."

{¶6} Within this assignment, Smith alleges that the foreclosure decree was not a final appealable order, and that a judicial sale taken from a non-final judgment cannot be confirmed. Specifically, Smith protests that an order that does not specify the exact amount of money awarded for advances on various taxes and payments made by Chase prevents that order from being a final appealable order. Chase claims evaluation

2

of the assignment of error is barred by res judicata, judicial estoppel, and Smith's waiver of the issue in the foreclosure decree.

{¶7} Subsequent to briefing and oral argument, the Ohio Supreme Court decided *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984. There, the Ohio Supreme Court held that "[a] judgment decree in foreclosure that allows as part of recoverable damages unspecified amounts advanced by the mortgagee for inspections, appraisals, property protection, and maintenance is a final, appealable order pursuant to R.C. 2505.02(B)(1)." *Id.*, ¶1 of syllabus. *Roznowski* is dispositive. Accordingly, the first assignment of error is meritless.

{¶8} As to her second assignment of error, Smith alleges:

{¶9} "The trial court erred in confirming the sale of the property."

{¶10} Within this assignment, Smith alleges the following irregularities involving the sale of her property: (1) the confirmation order was improper because of the previously discussed issues with the foreclosure decree in violation of R.C. 2329.09;[1] (2) the order of sale failed to specify the exact amount owed to Chase in violation of R.C. 2329.09; (3) the Sherriff failed to appraise the property prior to sale, as required by the foreclosure decree and in violation of R.C. 2329.17;[2] (4) public notice of sale was deficient because the notice was not advertised on the same day of the week in violation of 2329.27(A); (5) the notice of sale and proof of publication failed to provide

---

1. R.C. 2329.09 reads in pertinent part "[t]he writ of execution against the property of a judgment debtor issuing from a court of record shall command the officer to whom it is directed to levy on the goods and chattels of the debtor. * * * The exact amount of the debt, damages, and costs, for which the judgment is entered, shall be indorsed on the execution."

2. R.C. 2329.17(A) reads: "[w]hen execution is levied upon lands and tenements, the officer who makes the levy shall call an inquest of three disinterested freeholders, residents of the county where the lands taken in execution are situated, and administer to them an oath impartially to appraise the property so levied upon, upon actual view. They forthwith shall return to such officer, under their hands, an estimate of the real value of the property in money."

the Portage County Sherriff's website address pursuant to R.C. 2329.23,[3] and (6) there is no evidence the notice of sale was published on the Record-Courier's website as required by R.C. 7.10.

{¶11} The primary purpose of a foreclosure sale is to protect the interests of the mortgagor/debtor while ensuring that secured creditors receive payment for unpaid debts. *Ohio Sav. Bank v. Ambrose*, 56 Ohio St.3d 53, 56 (1990), citing *Union Bank Co. v. Brumbaugh*, 69 Ohio St.2d 202, 208 (1982). The decision whether to confirm or set aside a judicial sale is left to the sound discretion of the trial court. *Id.* at 55. The term "abuse of discretion" is one of art, "connoting judgment exercised by a court, which does not comport with reason, nor the record." *State v. Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-2089, ¶30. This court has previously observed that when an appellate court is reviewing a pure issue of law, "'the mere fact that the reviewing court would decide the issue differently is enough to find error * * *. [In] contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.'" *Sertz v. Sertz*, 11th Dist. Lake No. 2011-L-063, 2012-Ohio-2120, ¶31, quoting *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶67.

{¶12} Chase asserts that Smith has waived any objections to the confirmation of sale because Smith did not raise these issues with the trial court. Smith argues that she

---

3. R.C. 2329.23 reads: "[a]ll notices and advertisements for the sale of lands and tenements located in a municipal corporation, made by virtue of the proceedings in a court of record, in addition to a description of the lands and tenements, shall contain the street number of the buildings erected on the lands, or the street number of the lots offered for sale. If no such number exists, then the notice or advertisement shall contain the name of the street or road upon which the lands and tenements are located together with the names of the streets or roads immediately north and south or east and west of the lands and tenements that cross or intersect the street or road upon which they are located. The notice or advertisement shall, if applicable, include the web site address of the officer who makes the sale that allows a person to obtain a complete legal description of the lands and tenements."

did not receive notice that a judgment entry on the confirmation of sale was imminent, and therefore did not have an opportunity to object to the confirmation of the sale.

{¶13} Smith's argument is unpersuasive. R.C. 2329.31 provides in pertinent part, "[u]pon the return of any writ of execution for the satisfaction of which lands and tenements have been sold, on careful examination of the proceedings of the officer making the sale, if the court of common pleas finds that the sale was made, in all respects, in conformity with sections 2329.01 to 2329.61 of the Revised Code, it shall, within thirty days of the return of the writ, direct the clerk of the court of common pleas to make an entry on the journal that the court is satisfied of the legality of such sale and that the attorney who filed the writ of execution make to the purchaser a deed for the lands and tenements." We have not been able to find law requiring a plaintiff to move to confirm a sale and Smith has not indicated such a requirement exists. Although some courts have local rules requiring judgment entries confirming sales to be circulated before being submitted to the court, Portage County does not have such a local rule. *See First Natl. Bank v. Barnes*, 2d Dist. Montgomery No. 11502, 1989 Ohio App. LEXIS 3896, *5 (Oct. 13, 1989) (requiring judgment entries confirming a sale to be sent to all counsel of record in certain situations).

{¶14} R.C.2329.31 states the return of an endorsed order of sale triggers the trial court's time to confirm the sale. The docket unequivocally indicates the endorsed order of sale was submitted to the court on December 18, 2012. Although Smith contests that she was not given notice of the submittal of the order of sale, a party has a duty to check the docket. *Landmark Am., Inc. v. Jeries*, 11th Dist. Lake No. 2009-L-009, 2009-Ohio-6709, ¶28. Furthermore, the confirmation of sale judgment entry was made over a month later, thereby giving Smith ample time to make her objections to the

5

trial court. Consequently, Smith had notice and an opportunity to present her objections to the trial court for all of the issues raised on appeal as they involve matters predating the sale. Her objections, therefore, are waived.

{¶15} The second assignment of error is found to be without merit.

{¶16} Accordingly, the judgment of the Portage County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.