[Cite as *FV-I, Inc. v. Lackey*, 2014-Ohio-4944.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| FV-I, Inc., in Trust for Morgan Stanley Mortgage Capital Holdings LLC, | : | |
| | : | |
| Plaintiff-Appellee, | | No. 13AP-983 |
| v. | : | (C.P.C. No. 12CV004862) |
| | | |
| Maria E. Lackey, | : | (REGULAR CALENDAR) |
| | | |
| Defendant-Appellant, | : | |
| | | |
| First Franklin Financial Corporation et al., | : | |
| | : | |
| Defendants-Appellees. | | |
| | : | |

D E C I S I O N

Rendered on November 6, 2014

*Jason Whitacre* and *Stefani L. Deka*, for appellee.

*Mills, Mills, Fiely & Lucas, LLC*, and *Brian D. Flick; Kendo, Alexander, Cooper & Engel LLP*, and *Andrew Engel*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Maria E. Lackey ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, FV-I, Inc., in Trust for Morgan Stanley Mortgage Capital Holdings, LLC ("appellee"), on its complaint for foreclosure. Because we conclude that the trial court erred by granting judgment in an amount exceeding the face value of the note and that there was a genuine issue of material fact as to whether appellee was entitled to enforce the note, we reverse.

{¶ 2} In April 2005, appellant executed a promissory note for $91,520 ("the Note") to First Franklin, a division of Nat. City Bank of IN ("First Franklin"). To secure payment of the Note, appellant executed a mortgage ("the Mortgage") to First Franklin on certain property located in Reynoldsburg, Ohio. In April 2012, appellee filed a complaint for foreclosure, asserting that it was the holder of the Note and assignee of the Mortgage, and that appellant was in default of the terms and conditions of the Note. Appellee sought judgment against appellant on the Note for $103,971.23 and accrued interest, along with certain other costs, charges and advances, as well as foreclosure of the Mortgage and sale of the property secured by the Mortgage. Appellant filed an answer to the complaint, asserting various defenses and counterclaims against appellee, and third-party claims against other entities.

{¶ 3} Appellee moved for summary judgment, asserting that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. In support of its motion for summary judgment, appellee attached an affidavit from Mark McCloskey ("McCloskey"), an employee of appellee's loan servicing agent, Specialized Loan Servicing, L.L.C. McCloskey attested that he had examined and had personal knowledge of appellant's loan account, that appellant was in default under the terms of the Note, and that there was an unpaid principal balance on appellant's loan account of $103,971.23. McCloskey also attested to the assignment history of the Mortgage from First Franklin to appellee. McCloskey also attested to the accuracy of certain correspondence sent to appellant regarding her loan account.

{¶ 4} The trial court granted summary judgment in favor of appellee, awarding judgment on the Note for $103,971.23, plus accrued interest, as well as late charges due under the Note and Mortgage, advances made for the payment of taxes, assessments, and insurance premiums, and the costs and expenses incurred for enforcement of the Note and Mortgage. The trial court also ordered foreclosure of the Mortgage and sale of the property conveyed under the Mortgage.

{¶ 5} Appellant appeals from the trial court's judgment, assigning three errors for this court's review:

ASSIGNMENT OF ERROR No. 1

The trial court erred in overruling Lackey's Motion to Strike.

ASSIGNMENT OF ERROR No. 2

The trial court erred in granting LV-1's [sic] Motion for Summary Judgment.

ASSIGNMENT OF ERROR No. 3

The trial court erred in certifying its judgment as a final appealable order.

{¶ 6} We begin with appellant's third assignment of error, which implicates the jurisdiction of this court. Courts of appeals have jurisdiction to review final orders of lower courts. Ohio Constitution, Article IV, Section 3(B)(2). Appellant argues that the summary judgment order was not a final, appealable order and that the trial court erred by certifying the judgment as final and appealable.

{¶ 7} A trial court order is final and appealable if it meets the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Eng. Excellence, Inc. v. Northland Assoc., L.L.C.*, 10th Dist. No. 10AP-402, 2010-Ohio-6535, ¶ 10. Appellate courts employ a two-step analysis to determine whether an order is final and appealable. *Id.* at ¶ 11. First, the court must determine if the order is final within the requirements of R.C. 2505.02. Second, the court must determine whether Civ.R. 54(B) applies, and, if so, whether the order being appealed contains a certification that there is no just reason for delay. *Id.*

{¶ 8} In relevant part, R.C. 2505.02(B) provides that an order is final when it is "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1). A "substantial right" is one "that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to protect." R.C. 2505.02(A)(1). An order that affects a substantial right is one that, if not immediately appealable, would foreclose appropriate relief in the future. *Hillman v. Kosnik*, 10th Dist. No. 05AP-122, 2005-Ohio-4679, ¶ 20. Generally, " '[a] judgment entry ordering a foreclosure sale is a final, appealable order pursuant to R.C. 2505.02(B) if it resolves all remaining issues involved in the foreclosure.' " *Whipps v. Ryan*, 10th Dist. No. 07AP-231, 2008-Ohio-1216, ¶ 19, quoting *Davilla v. Harman*, 7th Dist. No. 06 MA 89, 2007-Ohio-3416, ¶ 18.

{¶ 9}   Appellant claims that the judgment was not a final, appealable order because it awarded judgment in favor of appellee for advances appellee made for the payment of real estate taxes, assessments, and insurance premiums, but did not specify the amount awarded for those advances.  The Supreme Court of Ohio recently considered a similar claim in *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299 (2014). In *Roznowski*, the trial court granted summary judgment in favor of the plaintiff on a foreclosure claim. In addition to the principal and interest owed on the note, the court awarded the plaintiff "those sums advanced by Plaintiff for costs of evidence of title required to bring this action, for payment of taxes, insurance premiums and expenses incurred for property inspections, appraisal, preservation and maintenance," but did not specify the amount of those advances in the judgment entry. *Id.* at ¶ 6. On appeal, the Fifth District Court of Appeals held that the judgment entry was not a final, appealable order because the expenses incurred for property inspections, appraisal, preservation and maintenance were "not easily ascertainable" and were required to be specifically set forth for the order to be final and appealable. *Id.* at ¶ 7.  The Supreme Court accepted the case following certification of a conflict between the Fifth District's decision and another decision from the Seventh District Court of Appeals. *Id.* at ¶ 8.

{¶ 10} The Supreme Court noted that, in order for a foreclosure judgment to constitute a final order, "it must address the rights of all lienholders and the responsibilities of the mortgagor." *Id.* at ¶ 20. The court concluded that, although the judgment entry issued by the trial court did not specify the exact amounts due for the advances paid by the plaintiff, it foreclosed on the mortgage, set forth the principal sum and interest accrued on the note, and listed the categories of future expenses for which the defendants would be liable. *Id.* at ¶ 22. Therefore, the order was final and appealable because "all that remained was for the trial court to perform the ministerial task of calculating the final amounts that would arise during confirmation proceedings." *Id.* at ¶ 20. If the defendants wished to contest the amounts expended for the categories set forth in the foreclosure judgment, they could do so during proceedings to confirm the foreclosure sale and could appeal the order confirming the sale. *Id.* at ¶ 43.  The Supreme Court reversed the Fifth District's decision, holding that "[a] judgment decree in foreclosure that allows as part of recoverable damages unspecified amounts advanced by

the mortgagee for inspections, appraisals, property protection, and maintenance is a final, appealable order pursuant to R.C. 2505.02(B)(1)." *Id.* at paragraph one of the syllabus.

{¶ 11} In this case, the trial court awarded unspecified damages for "all advances made for the payment of real estate taxes and assessments and insurance premiums." (Judgment Entry, 2.) These were the same types of damages left unspecified in *Roznowski*. Therefore, the judgment entry in this case is a final, appealable order. *See Chase Home Fin., L.L.C. v. Smith,* 11th Dist. No. 2013-P-0017, 2014-Ohio-3767, ¶ 7 (applying *Roznowski*).

{¶ 12} Civ.R. 54(B) provides in relevant part that "[w]hen more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." In her answer to the complaint, appellant asserted various counterclaims and third-party claims. The trial court appears to have dismissed some of the counterclaims and third-party claims. To the extent any claims, counterclaims, or third-party claims remain pending in this action, however, the trial court satisfied the requirements of Civ.R. 54(B) by certifying in the judgment entry that there was no just reason for delay.

{¶ 13} Accordingly, we overrule appellant's third assignment of error.

{¶ 14} Next, we turn to appellant's second assignment of error, in which she asserts that the trial court erred by granting appellee's summary judgment motion. We review a grant of summary judgment de novo. *Capella III, L.L.C. v. Wilcox,* 190 Ohio App.3d 133, 2010-Ohio-4746, ¶ 16 (10th Dist.), citing *Andersen v. Highland House Co.,* 93 Ohio St.3d 547, 548 (2001). "De novo appellate review means that the court of appeals independently reviews the record and affords no deference to the trial court's decision." *Holt v. State,* 10th Dist. No. 10AP-214, 2010-Ohio-6529, ¶ 9 (internal citations omitted). Summary judgment is appropriate where "the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made." *Capella*

*III* at ¶ 16, citing *Gilbert v. Summit Cty.,* 104 Ohio St.3d 660, 2004-Ohio-7108, ¶ 6. In ruling on a motion for summary judgment, the court must resolve all doubts and construe the evidence in favor of the nonmoving party. *Pilz v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 04AP-240, 2004-Ohio-4040, ¶ 8. *See also Hannah v. Dayton Power & Light Co.,* 82 Ohio St.3d 482, 485 (1998) ("Even the inferences to be drawn from the underlying facts contained in the evidentiary materials, such as affidavits and depositions, must be construed in a light most favorable to the party opposing the motion."). Therefore, we undertake an independent review to determine whether appellee was entitled to judgment as a matter of law.

{¶ 15} A party seeking summary judgment in a foreclosure action must demonstrate that it was entitled to enforce the note and had an interest in the mortgage on the date the complaint in foreclosure was filed. *See Fed. Home Loan Mtge. Corp. v. Schwartzwald,* 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 28 ("[B]ecause [Federal Home Loan] failed to establish an interest in the note or mortgage at the time it filed suit, it had no standing to invoke the jurisdiction of the common pleas court."); *Bank of New York Mellon v. Watkins,* 10th Dist. No. 11AP-539, 2012-Ohio-4410, ¶ 18 ("An entity must prove that it was the holder of the note and mortgage on the date that the complaint in foreclosure was filed, otherwise summary judgment is inappropriate."); *see also Nationstar Mtge., L.L.C. v. Van Cott,* 6th Dist. No. L-12-1002, 2012-Ohio-5807, ¶ 19 (concluding that a party seeking foreclosure was not entitled to summary judgment because there was a genuine issue of material fact as to whether it owned the note or was otherwise entitled to enforce the note at the time the foreclosure complaint was filed). Appellant asserts that there was a genuine issue of material fact in this case regarding whether appellee was entitled to enforce the Note. Appellant points to the fact that appellee provided two versions of the Note, each bearing different endorsements. The version of the Note attached to the original complaint includes an allonge bearing an undated endorsement from PNC Bank, National Association, as successor by merger to First Franklin (the original lender), to appellee. The second version of the Note, which was filed with the trial court as an amended exhibit to the original complaint and also filed as an exhibit to appellee's amended complaint, does not have an allonge but has two endorsements stamped directly on the Note below the signature area on the last page. On

the left is an undated endorsement from First Franklin to First Franklin Financial Corporation. On the right is an undated endorsement from First Franklin Financial Corporation to appellee.

{¶ 16} Appellant argues that the two versions of the Note create a genuine issue of material fact as to whether appellee was entitled to enforce the Note, pointing to *U.S. Bank, N.A. v. McGinn*, 6th Dist. No. S-12-004, 2013-Ohio-8, and *Deutsche Bank Natl. Trust Co. v. Holden*, 9th Dist. No. 26970, 2014-Ohio-1333. In *McGinn*, the Sixth District Court of Appeals reversed a grant of summary judgment in a foreclosure case, concluding that a genuine issue of material fact existed because one version of the promissory note was attached to the complaint and another version was attached to the motion for summary judgment. The plaintiff seeking foreclosure was not the original lender named in the note. The plaintiff attached a copy of the note to the complaint bearing certain endorsements; it then attached to its motion for summary judgment another copy of the note bearing additional endorsements that were not present on the version attached to the complaint. *McGinn* at ¶ 22. The plaintiff provided an affidavit from a litigation analyst for the servicer of the loan attesting to his belief that an earlier version of the note was inadvertently attached to the complaint. *Id.* at ¶ 23. The court of appeals noted that personal knowledge, rather than belief, was required for an affidavit in support of a motion for summary judgment. The court further concluded that the inconsistency in the two notes was sufficient to show a genuine issue of material fact and precludes summary judgment. *Id.* at ¶ 25. Similarly, in *Holden*, the plaintiff was not the original lender. The plaintiff attached an unendorsed copy of a promissory note to its foreclosure complaint. *Holden* at ¶ 3. The plaintiff later filed a motion for summary judgment, attaching a copy of the note containing an undated blank endorsement made by the original lender. *Id.* at ¶ 9. The Ninth District Court of Appeals reversed the trial court's grant of summary judgment, concluding that there was a genuine issue of material fact as to whether the plaintiff was entitled to enforce the note. *Id.* at ¶ 15.

{¶ 17} In support of its motion for summary judgment, appellee argued that the present case is similar to *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. No. 98502, 2013-Ohio-1657, in which the Eighth District Court of Appeals concluded that "[t]he mere fact that there were two different copies of the note in the record—one with endorsements

and one without—does not mandate a finding that one of the notes was 'unauthentic' or otherwise preclude summary judgment." *Najar* at ¶ 59. In *Najar*, the plaintiff, which was not the original lender, attached an unendorsed copy of a promissory note to its foreclosure complaint. *Id.* at ¶ 7. The plaintiff subsequently filed a motion for summary judgment, attaching a copy of the note which contained a blank endorsement. *Id.* at ¶ 58. In an affidavit, a vice president of the plaintiff's mortgage loan servicer attested that the unendorsed copy of the note attached to the complaint was from the "closing file," which contained copies of the relevant documents as they existed on the day the loan was closed, while the copy of the note endorsed in blank was from the "collateral file." *Id.* at 59. The Eighth District Court of Appeals concluded that this was a credible explanation for the difference between the two notes and that other facts and documents in the record supported the explanation. *Id.* at ¶ 59-60.

{¶ 18} Unlike *Najar*, in the present case, appellee did not offer any explanation of the different versions of the Note. McCloskey's affidavit in support of the motion for summary judgment attests that appellee had possession of the Note and Mortgage prior to the filing of the complaint and addresses the assignment history of the Mortgage, but fails to address the two versions of the Note. Further, each version of the Note in this case contains endorsements, but the endorsements are different between the two versions. Absent any explanation for the discrepancy between the two versions of the Note, and construing the evidence in favor of appellant as the party opposing summary judgment, it appears that there is a genuine issue of material fact as to whether appellee was entitled to enforce the Note.

{¶ 19} Appellant also argues that the trial court committed plain error by granting summary judgment in an amount that exceeds the face value of the Note. Appellee argues that appellant waived this argument by failing to raise it before the trial court, which appellant appears to concede by arguing that the trial court committed plain error. Generally, "in the absence of plain error, failure to draw the trial court's attention to possible error at a time at which the error could have been corrected results in a waiver of the issue for purposes of appeal." *In re H.D.D.*, 10th Dist. No. 12AP-134, 2012-Ohio-6160, ¶ 71. In civil cases, the plain-error doctrine will only apply in the "extremely rare case involving exceptional circumstances where error, to which no objection was made at the

trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997), syllabus. "The plain-error doctrine permits correction of judicial proceedings when error is clearly apparent on the face of the record and is prejudicial to the appellant." *Reichert v. Ingersoll*, 18 Ohio St.3d 220, 223 (1985).

{¶ 20} Although appellee provided two versions of the Note bearing different endorsements, both versions indicate that the principal amount of the loan was $91,520, when the Note was issued on April 1, 2005. In both the complaint and the amended complaint, appellee asserted that it was entitled to judgment in the amount of $103,971.23, plus interest, along with other costs, charges, and advances. The trial court's summary judgment order found that appellant owed $103,971.23 on the Note, plus interest, and granted judgment in favor of appellee in that amount, along with "all late charges due under the Note and Mortgage, all advances made for the payment of real estate taxes and assessments and insurance premiums, and all costs and expenses incurred for the enforcement of the Note and Mortgage, except to the extent the payment of one or more specific such items is prohibited by Ohio law." (Judgment Entry, 2.) Thus, the trial court awarded judgment in an amount greater than the face value of the Note.

{¶ 21} Appellee argues that the McCloskey affidavit attested to the amount due on the loan and identified and authenticated a payment history for the loan account, suggesting that the McCloskey affidavit provided evidence supporting its claim for judgment in excess of the face value of the Note. In the affidavit, McCloskey asserted that he had examined and had personal knowledge of appellant's loan account and that there was an unpaid principal balance of $103,971.23. He also attested that a copy of the payment history attached as an exhibit to the affidavit was a true and accurate representation of the activity on appellant's loan account. The purported account statement reflects a principal balance of $103,971.23, and includes multiple pages detailing transactions and adjustments to the account. A significant portion of the account statement consists of a spreadsheet that is reproduced in a format and size that makes it effectively illegible and incomprehensible. Thus, appellee effectively offers no explanation for the discrepancy between the face value of the Note and the purported principal

balance claimed in the complaint, a difference of more than $12,000. Under these circumstances, absent any explanation for the discrepancy between the face value of the Note and the amount sought in the complaint, we conclude that the trial court erred by awarding judgment in excess of the face value of the Note and that the error is prejudicial to appellant and clearly apparent from the record. *Reichert* at 223. Given the stakes in a foreclosure action, this type of error seriously affects the basic fairness and public reputation of the judicial process. Therefore, we find that the trial court committed plain error by granting judgment in appellee's favor in an amount exceeding the face value of the Note.

{¶ 22} Accordingly, we sustain appellant's second assignment of error.

{¶ 23} Finally, in appellant's first assignment of error, she asserts that the trial court erred by denying her motion to strike one of the exhibits to the McCloskey affidavit for lack of authentication. Because we conclude that the trial court erred by granting summary judgment in favor of appellee, appellant's first assignment of error is rendered moot.

{¶ 24} For the foregoing reasons, we sustain appellant's second assignment of error and overrule her third assignment of error. Appellant's first assignment of error is rendered moot. We reverse the judgment of the Franklin County Court of Common Pleas and remand this matter to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed; cause remanded.*

TYACK and O'GRADY, JJ., concur.

_____