[Cite as *Deutsche Bank Natl. Trust Co. v. Holden*, 2014-Ohio-1333.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE

    Appellee

    v.

GLENN E. HOLDEN,  et al.

    Appellants

C.A. No.     26970

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2011 08 4500

DECISION AND JOURNAL ENTRY

Dated: March 31, 2014

HENSAL, Judge.

{¶1}    Appellants, Glenn E. Holden and Ann M. Holden, appeal from the judgment of the Summit County Court of Common Pleas. For the following reasons, this Court affirms in part and reverses in part.

I.

{¶2}    On September 1, 2005, Mr. Holden executed a promissory note for $69,300 in favor of Novastar Mortgage, Inc. for the property located at 1050 Shadybrook Drive in Akron, Ohio. The note was secured by a mortgage on the property executed by both Mr. and Mrs. Holden in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Novastar. On September 17, 2010, MERS assigned the mortgage to Deutsche Bank National Trust Company as Trustee for Soundview Home Loan Trust 2005-4, Asset-Backed Certificates, Series 2005-4 ("Deutsche Bank").

{¶3}     On August 12, 2011, Deutsche Bank filed a complaint for foreclosure against the Holdens, CitiFinancial, Inc. and JP Morgan Chase Bank, N.A.   Attached to its complaint, Deutsche Bank included copies of the promissory note executed in favor of Novastar, the mortgage executed in favor of MERS, the assignment of the mortgage from MERS to Deutsche Bank and the preliminary judicial report.   The promissory note attached to the complaint contained no indorsements and bore a stamp indicating that it was a "true and accurate copy of the original."

{¶4}     In response to the complaint, the Holdens filed an answer and counterclaim, which alleged that Deutsche Bank violated the Fair Debt Collection Practices Act, the Consumer Sales Practices Act, committed fraud and an invasion of privacy.   After completion of discovery, the parties filed cross-motions for summary judgment.   The trial court denied the Holdens' motion for summary judgment, but granted Deutsche Bank's motion on both its claims and the counterclaims.   The Holdens now appeal and raise four assignments of error for this Court's review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT WHEN A MATERIAL ISSUE OF FACT REMAINED FOR TRIAL AS TO WHETHER APPELLEE HAD POSSESSION OF APPELLANT[ ] GLENN HOLDEN'S NOTE WHEN THE COMPLAINT WAS FILED SINCE THE NOTE ATTACHED TO THE COMPLAINT WAS NOT INDORSED BY THE ORIGINAL LENDER.

{¶5}     The Holdens argue that the trial court erred in granting summary judgment to Deutsche Bank as a genuine issue of material fact remained for trial as to whether Deutsche Bank was in possession of Mr. Holden's note at the time it filed the lawsuit.   This Court agrees in part.

{¶6} An appellate court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). "We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Garner v. Robart*, 9th Dist. Summit No. 25427, 2011–Ohio–1519, ¶ 8. Pursuant to Civil Rule 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The movant must specifically identify the portions of the record that demonstrate an absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). If the movant satisfies this initial burden, the nonmoving party has a reciprocal burden to point to specific facts that show a genuine issue of material fact for trial. *Id.* The nonmoving party must identify some evidence that establishes a genuine issue of material fact, and may not rely upon the allegations and denials in the pleadings. *Sheperd v. City of Akron*, 9th Dist. Summit No. 26266, 2012–Ohio–4695, ¶ 10.

{¶7} Civil Rule 17(A) provides that "[e]very action shall be prosecuted in the name of the real party in interest." "[A] party lacks standing to invoke the jurisdiction of the court unless he has * * * some real interest in the subject matter of the action." (Emphasis deleted.) *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012–Ohio–5017, ¶ 22, quoting *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas*, 35 Ohio St.2d 176, 179 (1973). "The real party in interest in a foreclosure action 'is the current holder of the note and mortgage.'" *Quantum Servicing Corp. v. Haugabrook*, 9th Dist. Summit No. 26542, 2013-Ohio-3516, ¶ 8, quoting *Wells Fargo Bank N.A. v. Horn*, 9th Dist. Lorain No. 12CA010230, 2013–

Ohio–2374, ¶ 10. Whether the plaintiff has standing to bring the action is a jurisdictional matter that is determined at the time of the filing of the complaint. *Schwartzwald* at ¶ 25.

{¶8} Revised Code Section 1303.31(A)(1) provides that the holder of a negotiable instrument is one of the persons entitled to enforce the instrument. "When an instrument is indorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." R.C. 1303.25(B).

{¶9} In support of its motion for summary judgment, Deutsche Bank attached an affidavit from Megan L. Theodoro, an assistant secretary for JPMorgan Chase Bank, National Association ("Chase"). She averred that Chase serviced the Holdens' loan on behalf of Deutsche Bank. Ms. Theodoro testified that Deutsche Bank purchased the note from Novastar on November 1, 2005, as part of a pooling and servicing agreement, which named Chase as the loan's servicer. According to her, Chase acquired physical possession of the original note in December of 2005 and stored it at its Monroe, Louisiana facility until it was forwarded to Deutsche Bank's attorney in connection with the filing of the foreclosure complaint. Ms. Theodoro further testified that, when Chase received the note, it was endorsed in blank. Attached to her affidavit was what she stated was a copy of the "original Note," which contained an undated blank indorsement from Novastar.

{¶10} Thus, Deutsche Bank has filed two different copies of the same note–one with and one without an indorsement. Both copies purport to be true and accurate copies of the original note. Ms. Theodoro's affidavit fails to explain why the copy of the note attached to her affidavit differs from the one attached to the complaint when, from her averments, the note, while in Chase's possession, had always contained a blank indorsement from Novastar to Deutsche Bank.

{¶11} In support of its motion for summary judgment, Deutsche Bank also offered into the record the deposition testimony of Chase employee, Frank Dean. When asked at his deposition to view what Deutsche Bank's counsel represented to him was the original note, Mr. Dean testified that it contained an indorsement to Deutsche Bank. He compared the original note to the copy attached to the foreclosure complaint and agreed that the copy attached to the complaint did not have the indorsement. He further testified as follows:

> Q:     If this case was referred to foreclosure by Chase, then why does the note
>         attached to the complaint not contain an [i]ndorsement?
>
> * * *
>
> A:     It's my opinion that we were in receipt not only of the original note, but a
>         certified true copy of the note. And * * * whoever went into the image
>         vault and extracted a copy of the mortgage for foreclosure counsel
>         extracted the unendorsed copy rather than the endorsed copy.

This Court notes that Mr. Dean's explanation does not appear to be based on personal knowledge of what actually occurred, but rather his opinion of what may have occurred.

{¶12} The Sixth District encountered a similar situation in *U.S. Bank, N.A. v. McGinn*, 6th Dist. No. S-12-004, 2013-Ohio-8. In *McGinn*, the foreclosing lender attached a copy of the note to its complaint that contained two indorsements. When the lender filed a summary judgment motion, however, it submitted a copy of the note that had three indorsements. The homeowners argued that the inconsistent copies of the note created a genuine issue of material fact as to whether the lender was in possession of the note at the time the complaint was filed. In response to the homeowners' argument, the lender submitted an affidavit from a representative of the loan servicer. He averred that, because multiple copies of the note are maintained in the servicer's custody, he "believe[d]" that someone must have inadvertently attached an earlier copy of the note to the complaint that differed from the actual note with all the indorsements. *Id*.

at ¶ 23.  The Sixth District concluded that the representative failed to offer a definitive explanation for the additional indorsements and that his belief fell short of the Civil Rule 56(E) affidavit standard, which requires personal knowledge of the matters contained therein.  *Id*. at ¶ 25.

{¶13}  In this case, Deutsche Bank has failed to explain why Chase would have an unindorsed copy of the note in its possession since it was only the servicer for Deutsche Bank and not for MERS or Novastar.  This creates a genuine issue of material fact since Ms. Theodoro averred that the note in Chase's possession had always contained a blank indorsement from Novastar to Deutsche Bank.  Deutsche Bank further argues that this Court should disregard the copy of the note attached to the complaint since a document is not attached to a pleading under Civil Rule 10 for the purposes of presenting evidence to prove a claim, but rather to assert a claim or defense.  We are not persuaded, however, that, under these circumstances, we can disregard the copy of the note attached to the complaint when it is inconsistent with another copy of the note produced in support of summary judgment.

{¶14}  In the recent case of *Fannie Mae v. Trahey*, 9th Dist. Lorain No. 12CA010209, 2013-Ohio-3071, this Court also faced a similar issue when the foreclosing lender attached a copy of the note to its complaint that contained a blank indorsement from the original lender.  In that case, the foreclosing lender filed an amended complaint, which included a different copy of the note.  The note attached to the amended complaint demonstrated an indorsement from the original lender to another lender and then a second indorsement from that lender in blank.  We concluded that the inconsistencies between the indorsements contained on the submitted notes created a genuine issue of material fact that precluded summary judgment as we could not ascertain which lender possessed the note at the time the foreclosure was filed.  *Id*. at ¶ 12.  *But*

*see Bridge v. Ocwen Fed. Bank FSB*, N.D.Ohio No. 1:07 CV 2739, 2013 WL 4784292 (Sept. 6, 2013) (slip opinion) (distinguishing *Trahey* and finding that two different copies of identical promissory note did not create genuine issue of material fact so as to preclude summary judgment from being granted to the foreclosing lender).

{¶15} Due to the inconsistencies between the copies of the note and the lack of an explanation based on personal knowledge as to how Deutsche Bank came to offer two different copies of the note into the record, this Court concludes that there is a genuine issue of material fact as to whether Deutsche Bank was the holder of the note at the time the complaint was filed. Accordingly, the trial court erred in granting Deutsche Bank's motion for summary judgment on its foreclosure complaint.

{¶16} Deutsche Bank advances an additional argument in its appellate brief that, even if it did not establish that it was the holder of the note, it still had the right to enforce the note as a non-holder in possession of the note. Deutsche Bank, however, did not make this argument in its motion for summary judgment, and it may not raise the issue for the first time on appeal. *See Hignett v. Schwarz*, 9th Dist. Lorain No. 10CA009762, 2011-Ohio-3252, ¶ 22.

**Holdens' Counterclaims**

{¶17} The Holdens set forth a limited argument that, because there is a genuine issue of material fact as to whether Deutsche Bank had possession of the note, the trial court erred in granting summary judgment to Deutsche Bank on their counterclaims. The Holdens' first counterclaim attacked the validity of the assignment of mortgage from MERS and alleged that, due to the invalid assignment, Deutsche Bank violated the Fair Debt Collection Practices Act. This particular claim neither asserts any allegations concerning the note nor do the Holdens submit any argument in support of their claim that the trial court erred in granting summary

judgment. This Court has repeatedly held that, "[i]f an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998).

{¶18} Likewise, the Holdens failed to offer any support for their contention that the trial court erred in granting summary judgment to Deutsche Bank on their counterclaim for invasion of privacy by intrusion upon seclusion. *See id*. This Court notes that the claim does not concern the note in any way.

{¶19} The Holdens' remaining counterclaims, however, do concern whether Deutsche Bank held the note. They alleged that Deutsche Bank violated the Ohio Consumer Sales Practices Act "by making a false presentation that a legal obligation was owed" and committed fraud by making false representations that they were entitled to enforce the note. Due to our conclusion that there is a genuine issue of material fact on the issue of whether Deutsche Bank was the holder of the note at the initiation of the litigation, we conclude that there was also a genuine issue of material fact on the Holdens' Ohio Consumer Sales Practices Act and fraud counterclaims.

{¶20} Accordingly, the trial court did not err in granting summary judgment to Deutsche Bank on the Holdens' Fair Debt Collection Practices Act and invasion of privacy counterclaims. It did, however, err in granting summary judgment to Deutsche Bank on its foreclosure complaint along with the Holdens' Ohio Consumer Sales Practices Act and fraud counterclaims. Their first assignment of error is sustained on that basis.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY GRANTING APPELLEE DEUTSCHE BANK'S MOTION FOR SUMMARY JUDGMENT BECAUSE DEUTSCHE BANK DID NOT SATISFY ALL CONDITIONS PRECEDENT TO FORECLOSURE SINCE THE ACCELERATION LETTER DID NOT

COMPLY WITH THE LANGUAGE OF PARAGRAPH 22 OF APPELLANTS' MORTGAGE.

{¶21} In their second assignment of error, the Holdens argue that the trial court erred in granting Deutsche Bank's motion for summary judgment because it failed to establish that it had fulfilled its obligation to send them a satisfactory acceleration letter. In light of our resolution of the Holdens' first assignment of error, this argument is not yet ripe for review and we decline to address it. *See Trahey*, 2013-Ohio-3071 at ¶ 13.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY RELYING ON THE AFFIDAVIT OF MEGAN L. THEODORO FILED IN SUPPORT OF APPELLEE'S MOTION FOR SUMMARY JUDGMENT BECAUSE THE AFFIDAVIT WAS NOT MADE UPON PERSONAL KNOWLEDGE.

### ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED BY DENYING APPELLANTS' MOTION FOR SUMMARY JUDGMENT WHEN THE NOTE ATTACHED TO THE COMPLAINT WAS PAYABLE [TO] NOVASTAR MORTGAGE, INC. NOT APPELLEE DEUTSCHE BANK AS TRUSTEE AND THE ASSIGNMENT OF MORTGAGE FROM MERS WAS NOT SUFFICIENT TO INVOKE THE SUBJECT MATTER JURISDICTION OF THE COURT.

{¶22} In their third assignment of error, the Holdens argue that the trial court erred in granting Deutsche Bank's motion for summary judgment because Ms. Theodoro's affidavit was not made upon her personal knowledge. In their fourth assignment of error, the Holdens argue that the trial court erred in granting Deutsche Bank's motion for summary judgment because Deutsche Bank was required to possess both the note and mortgage in order to have standing to file its foreclosure complaint. In light of our resolution of the Holdens' first assignment of error, these arguments are moot. This Court, therefore, declines to address them. App.R. 12(A)(1)(c).

III.

{¶23} The Holdens' first assignment of error is sustained in part, their second assignment of error is not ripe for review, and their third and fourth assignments of error are moot. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
<u>CONCURS.</u>

BELFANCE, P. J.
<u>CONCURS IN JUDGMENT ONLY.</u>


<u>APPEARANCES:</u>

MARC E. DANN and GRACE DOBERDRUK, Attorneys at Law, for Appellants.

RICHARD A. FRESHWATER and STEPHEN D. WILLIGER, Attorneys at Law, for Appellee.