[Cite as *CitiMortgage, Inc. v. Wiley*, 2016-Ohio-5902.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CitiMortgage, Inc., | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 15AP-642 |
| v. | : | (C.P.C. No. 14CV-4358) |
| Donna D. Wiley, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 20, 2016

**On brief:** *Graydon Head & Ritchey, LLP*, *Nathan L. Swehla*, *Harry W. Cappel,* and *Harry J. Finke* for appellee. **Argued:** *Nathan L. Swehla.*

**On brief:** *Thomas L. Sooy*, for appellant. **Argued:** *Thomas L. Sooy.*

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, Donna D. Wiley, appeals from a decision of the Franklin County Court of Common Pleas, issued on May 28, 2015 and reduced to a final decree of foreclosure on June 3, 2015, which granted summary judgment to plaintiff-appellee, CitiMortgage, Inc. ("CitiMortgage"). For the following reasons, we reverse and remand.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On November 16, 2007, Wiley signed a note on behalf of her mother, Adella Davies, acting through a power of attorney[1] as her attorney in fact. The note obligated Davies to repay $277,500 plus interest to a lender, CitiMortgage. Although Wiley signed

---

[1] The power of attorney document is not in the record but it is apparently undisputed that Wiley was authorized to act as attorney in fact for her mother.

as attorney in fact for Davies, Wiley did not sign the note in her personal capacity or become obligated personally for the debt. The note permitted acceleration of the amount due upon default or transfer of the property securing the loan, but it required 30 days notice to the borrower by its terms.

{¶ 3} As attorney in fact for Davies, and in her own personal capacity, Wiley executed a mortgage for the property commonly known as 7740 Walnut St., New Albany, Ohio 43054 with a debt amount of $277,500, plus interest. The mortgage identified Wiley and Davies as borrowers and joint tenants.[2] It identified CitiMortgage as the lender. But the mortgage made the Mortgage Electronic Registration System, Inc. ("MERS"), the mortgagee, as a sole nominee for the lender, CitiMortgage, and the lender's successors and assigns. The mortgage also permitted acceleration of the amount due upon default or transfer of the property upon which the loan was made, and similar to the terms of the note, the mortgage by its terms required 30 days notice to the borrower for acceleration.

{¶ 4} In May through July 2011, the parties exchanged and signed two identical loan modification agreements. Each of the agreements modified the maturity date and loan payments due in order to work with the borrower (Davies) who apparently was experiencing financial hardship. Both agreements were signed by Wiley for Davies as attorney in fact and also in her own capacity. However, associated with the signature block where Wiley signed in her own capacity, the following printed legend appears, "I consent to the modification but do not assume personal liability under the Note." (Ex. B at 4; Ex. C at 4, Aug. 26, 2014 Aff. in Support of Mot. for Summ. Jgmt.)

{¶ 5} On April 1, 2013, Davies died. This caused some hardship to Wiley (who lived with her mother and cared for her). Approximately nine months later, on January 31, 2014, CitiMortgage sent a notice of default by first class mail to: Adella Davies, 7740 Walnut Street, New Albany, OH 43054-9726. It was alleged in the notice that the loan was in default and was past due by $4079.91 including $398.88 in late charges and $151.50 in expenses. The notice also contained a warning that failure to cure the default by paying that amount in addition to regular monthly payments by March 7, 2014, "may result in the acceleration of all sums due under the Security Instrument." (Ex.

---

[2] The deed that shows the exact terms upon which Wiley and Davies shared ownership of the property is not in the record.

No. 15AP-642

F at 16, Aff. in Support of Mot. for Summ. Jgmt.) Although Wiley lived at 7740 Walnut Street, Wiley never received a letter or any correspondence from CitiMortgage.

{¶ 6} On April 21, 2014, CitiMortgage filed a foreclosure action which also sought "other relief, legal and equitable, as may be proper and necessary," and attached copies of the note, mortgage, and modifications. (Apr. 21, 2014 Compl. at 4.) It alleged that Davies was deceased, as of April 1, 2013. It alleged that Wiley might claim an interest in the property by virtue of being a current titleholder, that the Franklin County Treasurer might claim an interest, and that Wiley's husband (Wiley was divorced before the signing of the note and mortgage and has not remarried) might claim an interest in the property. It also attached an assignment of mortgage showing that MERS had assigned the mortgage to CitiMortgage in January 2014. The complaint did not join Davies or Davies' estate or seek to establish liability for her debts against her unknown heirs and assigns. However, a preliminary judicial report filed pursuant to Loc.R. 96 of the Franklin County Court of Common Pleas and R.C. 2329.191 from First American Title Insurance Company sets forth that Wiley enjoyed a right of survivorship in the property at 7740 Walnut Street.[3]

{¶ 7} On August 26, 2014, CitiMortgage moved for summary judgment and attached the same items of evidence that it had attached to the complaint as well as affidavits regarding the origins and authenticity of the evidence attached. The parties attempted mediation on October 16, 2014, but were unable to reach a settlement. Wiley responded in opposition to summary judgment on December 23, 2014 and attached an affidavit in which she maintained that she had not been given proper notice of default before the commencement of foreclosure proceedings. Shortly thereafter, on January 26, 2015, Wiley also filed a motion for summary judgment. Both sides engaged in considerable briefing (including replies and supplemental memoranda with additional evidence attached). Among other evidence, CitiMortgage submitted an affidavit showing the January 31, 2014 notice to Davies had been sent by first class mail and Wiley submitted admissions by CitiMortgage admitting that Wiley is not obligated for the debt under the note or modifications, and that neither Davies nor her estate are parties to the suit.

---

[3] Again, a copy of the deed that could confirm this report is not in the record.

No. 15AP-642

{¶ 8}   On May 28, 2015, the trial court granted CitiMortgage summary judgment. The trial court produced a final entry in the form of a foreclosure decree on June 3, 2015. Wiley now appeals.

## II.   ASSIGNMENTS OF ERROR

{¶ 9}   Wiley presents three assignments of error for review:

> [1.]   THE TRIAL COURT ERRED IN DENYING DEFENDANT/APPELLANT DONNA D. WILEY'S MOTION FOR SUMMARY JUDGMENT WHEN NO GENUINE ISSUE OF MATERIAL FACT EXISTS AS TO THE PLAINTIFF, CITIMORTGAGE, INC. HAVING FAILED TO GIVE NOTICE OF DEFAULT AND INTENT TO FORECLOSE TO MS. WILEY IN ACCORD WITH THE TERMS OF THE MORTGAGE DEED.

> [2.]   THE TRIAL COURT ERRED IN GRANTING CITIMORTGAGE, INC.'S MOTION FOR SUMMARY JUDGMENT WHEN, AT MINIMUM, A GENUINE ISSUE OF MATERIAL FACT EXISTS AS TO WHETHER CITIMORTGAGE, INC.'S AUGUST 26, 2014 MOTION FOR SUMMARY JUDGMENT SET FORTH SUFFICIENT CIV. R. 56 EVIDENCE ENTITLING IT TO JUDGMENT AS A MATTER OF LAW.

> [3.]   ALTERNATIVELY, IN ADDRESSING CITIMORTGAGE, INC.'S CLAIM IN FORECLOSURE, THE TRIAL COURT ERRED IN HOLDING THAT CITIMORTGAGE, INC. WAS ENTITLED TO ENFORCE THE MORTGAGE DEED AGAINST MS. WILEY.

## III.   DISCUSSION

{¶ 10}   Civ.R. 56(C) states:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The Supreme Court of Ohio has explained:

> Summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party,

No. 15AP-642

> reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C); *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 Ohio Op. 3d 466, 364 N.E.2d 267. The burden of showing that no genuine issue of material fact exists falls upon the party who files for summary judgment. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 294, 1996 Ohio 107, 662 N.E.2d 264. Once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E).

*Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, ¶ 10; *see also, e.g.*, *Esber Beverage Co. v. Labatt United States Operating Co., L.L.C.*, 138 Ohio St.3d 71, 2013-Ohio-4544, ¶ 9. Although Civ.R. 56(C) and 56(E) restrict the types of evidence that may be considered upon summary judgment, in the absence of objections, a court has discretion whether to consider evidence that might otherwise be improper to consider. *Open Container, Ltd. v. CB Richard Ellis, Inc.*, 10th Dist. No. 14AP-133, 2015-Ohio-85, ¶ 11.

{¶ 11} When reviewing a trial court's decision on summary judgment, our review is de novo. *Westfield Ins. Co. v. Hunter*, 128 Ohio St.3d 540, 2011-Ohio-1818, ¶ 12; *Bonacorsi v. Wheeling & Lake Erie Ry.*, 95 Ohio St.3d 314, 2002-Ohio-2220, ¶ 24. "De novo appellate review means that the court of appeals independently reviews the record and affords no deference to the trial court's decision." (Citations, internal brackets, and internal quotation marks omitted.) *Holt v. State*, 10th Dist. No. 10AP-214, 2010-Ohio-6529, ¶ 9. "Therefore, we undertake an independent review to determine whether [a party] was entitled to judgment as a matter of law." *FV-I, Inc. v. Lackey*, 10th Dist. No. 13AP-983, 2014-Ohio-4944, ¶ 14.

## A. Preliminary Issue–Proper Parties and Standing

{¶ 12} In the course of arguing that Wiley did not receive notice from CitiMortgage prior to the action to foreclose, Wiley asserts that "Ms. Wiley is not a party to the underlying Promissory Note." (Wiley Brief at 45.) She is correct in that both her affidavit and admissions by CitiMortgage make clear that she is not a party to the note, is not obligated under the note, and additionally, that neither her mother (Davies) nor Davies' estate are parties to this action. Although the trial court stated that Wiley was the title

holder of the property, none of the documents submitted in support of or opposition to summary judgment in accordance with Civ.R. 56, including admissions by CitiMortgage, addresses whether Wiley's presence in the matter was based on her interest in the property by deed through survivorship, by devise from Davies' estate, or whether she was a party simply by virtue of having signed the mortgage document. The record also does not show if Davies even had the ability to devise her interest in the property at 7740 Walnut Street or to whom it would have been devised. Neither side argues the specific issue of proper parties, and we recognize that we generally address only assignments of error. *See, e.g., Kellough v. Ohio State Bd. of Edn.*, 10th Dist. No. 10AP-419, 2011-Ohio-431, ¶ 54. However, in the course of independently reviewing the trial court's decision de novo, we cannot avoid addressing such a fundamental issue. *Lackey* at ¶ 14 (instructing that de novo review is independent); *see also* App.R. 12(A)(1)(b) (requiring an appellate court to determine the merits of the appeal on, among other things, "the record on appeal under App. R. 9"). Thus, we examine CitiMortgage's standing to bring the action as an issue preliminary to our review of Wiley's assignments of error.

{¶ 13} In 1872, the United States Supreme Court made this observation:

> All the authorities agree that the debt is the principal thing and the mortgage an accessory. * * * The mortgage can have no separate existence. When the note is paid the mortgage expires. It cannot survive for a moment the debt which the note represents.

*Carpenter v. Longan*, 83 U.S. 271, 275 (1872). More recently, this Court explained:

> Because it is the *note* that creates the debt, and not the mortgage, unless and until the right to enforce the original *note* has been established, there is no basis for foreclosure. "Under Ohio common law, where a promissory note is secured by a mortgage, the note is evidence of the debt and the mortgage is a mere incident of the debt."

(Emphasis sic.) *U.S. Bank N.A. v. George*, 10th Dist. No. 14AP-817, 2015-Ohio-4957, ¶ 22, quoting *U.S. Bank N.A. v. Gray*, 10th Dist. No. 12AP-953, 2013-Ohio-3340, ¶ 32, citing *Edgar v. Haines*, 109 Ohio St. 159, 164 (1923); *Kernohan v. Manss*, 53 Ohio St. 118, 133 (1895); *Bank of Am., N.A. v. Pasqualone*, 10th Dist. No. 13AP-87, 2013-Ohio-5795,

No. 15AP-642

¶ 38.  In other words, it is the right to recover under the note that gives rise to the right to invoke the mortgage.

{¶ 14} Under the recent decision of *Deutsche Bank Natl. Trust Co. v. Holden*, ___ Ohio St.3d ___, 2016-Ohio-4603,[4] the Supreme Court reaffirmed this proposition of federal and Ohio law when it stated:

> We have long recognized that an action for a personal judgment on a promissory note and an action to enforce mortgage covenants are "separate and distinct" remedies. *Carr* [*v. Home Owners Loan Corp.*, 148 Ohio St. 533, 540 (1947)]; *accord Giddings v. Barney*, 31 Ohio St. 80, 82 (1876) ("The right to proceed, in equity, to enforce the mortgage lien, and the right to proceed, at law, to collect the mortgage debt, are different but concurrent remedies"). Based on the distinction between these causes of action—i.e., one is an action on a contract, while the other is an action to enforce a property interest created by the mortgage—we have explained that "the bar of the note or other instrument secured by mortgage does not necessarily bar an action on the mortgage." *Kerr v. Lydecker*, 51 Ohio St. 240, 253, 37 N.E. 267 (1894); *accord Bradfield*[*v. Hale*, 67 Ohio St. 316, 325 (1902)] (holding that an action for ejectment can be maintained after the statute of limitations on the note has expired); *Simon*[*v. Union Trust Co.*, 126 Ohio St. 346, 350 (1933)] ("For the purpose of subjecting the land to the payment of the mortgage debt, no personal judgment was ever necessary").

*Id.* at ¶ 25.

{¶ 15} The context in which the Supreme Court applied this proposition of law was a foreclosure action in which the note had been discharged in bankruptcy, but the debt was not paid and the mortgage survived the bankruptcy without being discharged.  The Ninth District Court of Appeals had reversed the trial court's summary judgment decision

---

[4] We note that this court has cited the prior *Holden* decision (*Deutsche Bank Natl. Trust Co. v. Holden*, 9th Dist. No. 26970, 2014-Ohio-1333) now overruled by *Holden*, 2016-Ohio-4603, for the proposition that a copy of a note, submitted with a summary judgment motion, containing the original lender's undated blank endorsement that was not included in a copy attached to a foreclosure complaint posed a genuine issue of material fact as to whether plaintiff was entitled to enforce note. *George* at ¶ 20, citing *Holden*, 2014-Ohio-1333 at ¶ 15.  The Supreme Court stated that standing on the note under *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 21 was moot with regard to the note "because no judgment can be obtained on it by virtue of the bankruptcy discharge of the maker's obligation" and called the case an "outlier" because of its unusual factual circumstances involving discharge in bankruptcy of the obligation on the note but survival of the mortgage. *Holden,* 2016-Ohio-4603 at ¶ 6.

No. 15AP-642

granting foreclosure because it found a material issue of fact "as to whether Deutsche Bank was the holder of the note at the time the complaint was filed." *Deutsche Bank Natl. Trust Co. v. Holden*, 9th Dist. No. 26970, 2014-Ohio-1333.

{¶ 16} Deutsche Bank had offered two different versions of the note into the record. *Holden*, 2014-Ohio-1333 at ¶ 15. The Supreme Court settled the summary judgment issue by citing testimony which showed that, regardless of differing endorsements, "the bank had the note in its possession before it filed the complaint." *Holden*, 2016-Ohio-4603 at ¶ 13, 34. It then found that Deutsche Bank had standing to proceed in equity on foreclosure and that it was able to "use the deficiency on the note as evidence to establish the amount it may collect from the forced sale of the property." *Id.* at ¶ 7.

{¶ 17} In reaching its decision, the Supreme Court noted:

> The typical progression of an action to foreclose a mortgage involves a legal action against the maker of a note who has defaulted on payments together with an equitable action on the mortgage to force a sale of the property based on the lender's secured position. The two forms of action proceed concurrently, as the judgment on the note provides the evidence needed to permit the secured party to foreclose and force a sale of the property to collect the amount of deficiency from the equity in the real estate.

*Id.* at ¶ 5. Thus, the right to enforce a note can be exercised through concurrent remedies, by suit in personam for monetary relief against the debtor and in rem against the property itself. *BAC Home Loans Servicing, LP v. Heirs*, 10th Dist. No. 10AP-396, 2011-Ohio-1596, ¶ 15, citing *Fifth Third Bank v. Hopkins*, 177 Ohio App.3d 114, 2008-Ohio-2959, ¶ 16.

{¶ 18} In *Holden*, the Supreme Court observed that Deutsche Bank was the holder of both the note and the mortgage at the time of the filing of the foreclosure action, and it upheld foreclosure on the mortgage as a separate remedy. (*Id.* at ¶ 5) In doing so, the Supreme Court made the critical distinction between being a party not *entitled to obtain* judgment on a debt as opposed to a party not *entitled to enforce* a note under R.C. 1303.31(A) (UCC 3-301). Because the Supreme Court found that Deutsche Bank had possession of the note at the time it commenced the foreclosure proceeding it had standing to foreclose on the property. It further found that Deutsche Bank could collect

No. 15AP-642

the deficiency on the note from the proceeds of the foreclosure sale, even though it could not obtain an actual judgment on the note, itself.

{¶ 19} Wiley is an obligor on only the mortgage but never the note, leaving CitiMortgage in a similar position to Deutsche Bank in *Holden*, not collecting on the note and instead pursuing its remedies in rem against the real property. The record does not establish that Davies' estate is uncollectable, only that the estate is the obligor on the note but has not been made a party to the underlying action. If a claim is brought for a monetary or deficiency judgment on the note, then the party obligated on the note is a necessary party to the action—it is against that party, personally, that a monetary judgment is sought. *Heirs* at ¶ 15, citing *United States v. Alvarado*, 5 F.3d 1425, 1429 (11th Cir.1993). If a claim is brought solely in equity through foreclosure on the mortgage as a means to collect for the deficiency on the note, then the persons having an interest in the property at issue are the necessary parties. *Heirs* at ¶ 15; *Hunter v. Grier*, 173 Ohio St. 158, 162 (1962); *Moore v. Starks*, 1 Ohio St. 369 (1853), syllabus.

{¶ 20} In this case, according to both the original note and the loan modifications of the note, the borrower on the note was Davies and only Davies. Wiley signed the note only on behalf of her mother acting through a power of attorney as her attorney in fact. Wiley did not sign the note or become obligated personally for the debt. Wiley signed both modifications in the record and the mortgage as Davies' attorney in fact and also in her own capacity but with the proviso, "I consent to the modification but do not assume personal liability under the Note." (Ex. B at 4, Aff. in Support of Mot. for Summ. Jgmt.) The mortgage identified both Wiley and Davies as borrowers and joint tenants. Additionally, the mortgage also contained this more specific language:

> 13. Joint and Several Liability; Co-signers; Successors and Assigns Bound. Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument *only to mortgage*, grant and convey the co-signer's interest in the Property *under the terms of this Security Instrument*; (b) *is not personally obligated to pay the sums secured by this Security Instrument*; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to

No. 15AP-642

> the terms of this Security Instrument or the Note without the
> co-signer's consent.

(Emphasis sic.) (Ex. D at 11, Aff. in Support of Mot. for Summ. Jgmt.)   Under the plain language of the mortgage, Wiley is merely a co-signer who is "not personally obligated to pay the sums secured by" the mortgage.   *Id.*   Accordingly, in reviewing summary judgment de novo we cannot find any evidence in the summary judgment record to suggest that Wiley owes a debt to CitiMortgage.

{¶ 21} It was Davies' estate that owed the debt on the note to CitiMortgage at the time the action was filed.  But she had predeceased the foreclosure action by over a year. CitiMortgage pled in the complaint that she was deceased and attached records to the complaint confirming the fact.  Yet, CitiMortgage did not sue Davies, Davies' estate, or seek to establish who were her heirs for the purpose of establishing liability for her debts against the interests of her heirs and assigns, nor has it attempted to join such parties or to amend the complaint.[5]  Insofar as CitiMortgage sought "legal" relief as to Davies' debt on the note (as separate from "equitable" relief in rem as against the real estate), there has been a failure to join necessary parties to the action.  However, schedule B to the preliminary judicial report lists a bankruptcy discharge for Davies on May 21, 2013, and the record does not show whether or not, or to what extent if it did, this affected the debt on the note. While the record is somewhat murky on the effect of the bankruptcy filing on the note, CitiMortgage may be in the identical position as Deutsche Bank in *Holden*, not able to pursue its remedies concerning the note and left with only the option of foreclosure in rem as against the real estate at 7740 Walnut Street.

---

[5] The note and mortgage also both contain provisions making the transfer of an interest in the property an acceleration event.  The note provides:

> If all or any part of the Property or any Interest in the Property is sold or transferred * * * without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument.

(Ex. A at 3, Aff. in Support of Mot. for Summ. Jgmt.)  The mortgage provides:

> If all or any part of the Property of any Interest in the Property is sold or transferred * * * without Lender's prior written consent.  Lender may require immediate payment in full of all sums secured by this Security Instrument.  However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

(Ex. D at 12, Aff. in Support of Mot. for Summ. Jgmt.)  The record is devoid of any suggestion that CitiMortgage exercised this option at the time when Davies' estate was probated or administered in order to ensure the property did not transfer without the transferee assuming an obligation under the note.

No. 15AP-642

{¶ 22} It appears that the trial court attempted to resolve the issue of standing by citing the complaint for the conclusion that Wiley was the title holder of the property by survivorship rights and holding that CitiMortgage could proceed in rem. In the *complaint*, CitiMortgage asserts, and in the answer Wiley admits, that Wiley was "a current titleholder" to the property, but not that she was the only title holder. ( Emphasis added.) (Compl. at 3.) The *mortgage*, however, refers to Wiley and Davies as "Joint Tenants," without specifically noting that there was a right of survivorship. (Ex. D at 1, Aff. in Support of Mot. for Summ. Jgmt.) In Ohio, joint tenancies do not result in a right of survivorship unless the language of the deed so specifies. *In re Estate of Shelton*, 154 Ohio App.3d 188, 2003-Ohio-4593, ¶ 9 ("Where a joint tenancy is expressed without words of survivorship, it is construed as a tenancy in common, i.e., without a right of survivorship."); *see also, e.g., Murphy v. Murphy*, 77 Ohio App.3d 573, 575-76 (1st Dist.1991).

{¶ 23} The "Preliminary Judicial Report" prepared by First American Title Insurance Company and filed in the record by CitiMortgage, is the evidence in the record that Wiley enjoyed a right of survivorship. While the report was not submitted as an exhibit for summary judgment, nor does it conform to the evidence types set forth in Civ.R. 56(C) or 56(E), and was not cited by the trial court, and Wiley did not object to the report, seek to strike it or offer evidence to counter evidence of her right of survivorship. Upon our independent review, we are permitted to consider it. *Open Container, Ltd.* at ¶ 11. Based on this, we are able to conclude from the evidence in the record that Wiley was the sole title holder of the property at 7740 Walnut Street following Davies' death. To the extent that CitiMortgage proceeded only in equity as against the property, it has joined all necessary parties, because there is no dispute that Wiley is the sole title holder of the property.

{¶ 24} Because Wiley is obligated under the mortgage only and not on the note, CitiMortgage cannot seek payment of the note from Wiley. To the extent that the complaint sought "legal" as opposed to "equitable" relief concerning Davies' debt (unless it had been discharged in bankruptcy in 2013, and the record is not clear on this), CitiMortgage has not joined all necessary parties. Thus, its claims for legal relief fail.

{¶ 25} However, CitiMortgage has also sought a remedy in equity for foreclosure. Under *Holden*, 2016-Ohio-4603, CitiMortgage is not prevented from pursuing this remedy and using "the deficiency on the note as evidence to establish the amount it may collect from the forced sale of the property." *Id.* at ¶ 7. Thus, summary judgment could have been proper as against Wiley in equity for foreclosure, but based on the issues we have discussed concerning standing, it was not properly granted insofar as it operates to obligate Wiley on any eventual deficiency judgment post-sale.

**B. First Assignment of Error—Whether the Trial Court Erred in Granting Summary Judgment to CitiMortgage Rather than Wiley on the Issue of Whether CitiMortgage Provided Proper Notice Prior to Attempting to Foreclose**

{¶ 26} Wiley argues that CitiMortgage failed to provide notice to her prior to commencing foreclosure proceedings and that the trial court erred in finding that CitiMortgage was entitled to foreclose against her. We have previously recognized that "[w]here prior notice of default and/or acceleration is required by a provision in a note or mortgage instrument, the provision of notice is a condition precedent." *Natl. City Mtge. Co. v. Richards*, 182 Ohio App.3d 534, 2009-Ohio-2556, ¶ 21. We reiterate that Wiley is not a party to the note and may not be obligated under the note for any sums. The provisions of the note with respect to notice or any other topic have no bearing upon her, and we instead focus on whether the mortgage conditioned the right to foreclose upon notice to Wiley and whether such notice was, in fact, provided.

{¶ 27} Examining the parties' agreement as contained in the mortgage, Wiley signed the mortgage as a co-signer pursuant to provision 13 of the mortgage. She also is a successor in interest of her mother, Davies, as contemplated in definition (Q) in the mortgage. Moreover, in definition (B) of the mortgage she is identified as a borrower; however, the parties agreed within the mortgage that she is not obligated on the note which evidenced the loan for which Davies was the sole borrower. While we acknowledge that provision 13 of the mortgage implies that a successor in interest of a "borrower" must assume the borrower's obligations in writing to obtain the rights and benefits from the mortgage, Wiley's status, whether as a co-signer, a successor in interest to a borrower, or a borrower, is ambiguous because of the specific agreement between the parties that Wiley is not obligated on the note. Where, as here, bargaining power is unequal between contracting parties, ambiguities are construed against the drafters of the contracts.

No. 15AP-642

*Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, ¶ 13. Thus, we conclude that, even though the parties agreed that Wiley did not assume Davies' obligation on the note, Wiley should have been considered a borrower for purposes of the mortgage, including that she was entitled to receive the benefit of notice provisions set forth in the mortgage.

{¶ 28} The mortgage requires notice to borrowers prior to acceleration and foreclosure as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenants or agreement in this Security Instrument. * * * The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, costs of title evidence.

(Ex. D at 14, Aff. in Support of Mot. for Summ. Jgmt.)

{¶ 29} Provision 15 of the mortgage specifies the manner in which notice can be given to a borrower:

> 15. Notices. All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. *Notice to any one Borrower shall constitute notice to all Borrowers* unless Applicable Law expressly requires otherwise. * * *

> Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower.

(Emphasis added.) *Id.* at 12.

{¶ 30} It is undisputed that only one notice letter was sent by first class mail in this case by CitiMortgage and it was sent on January 31, 2014, to: Adella Davies, 7740 Walnut Street, New Albany, OH 43054-9726. However, Adella Davies had died on April 1, 2013. Although Wiley lived at 7740 Walnut Street, Wiley never received a letter or any correspondence from CitiMortgage.

{¶ 31} Deceased persons are not, in their own right, sui juris. "Because a party must actually or legally exist 'one deceased cannot be a party to an action,' and a suit brought against a dead person is a nullity." (Citations omitted.) *Baker v. McKnight*, 4 Ohio St.3d 125, 127 (1983). By analogy, one who is dead cannot be put on notice so as to defend or proceed to protect his or her interest. Because Davies could not have been put on notice, the attempt to provide only her with notice did not trigger the operation of the mortgage provision that, "Notice to any one Borrower shall constitute notice to all Borrowers." (Ex. D at 12, Aff. in Support of Mot. for Summ. Jgmt.) Wiley did not receive notice before CitiMortgage attempted to foreclose on 7740 Walnut Street. CitiMortgage failed to meet the conditions precedent to foreclosure as a matter of law. *Richards* at ¶ 21. Since CitiMortgage was not entitled to enforce the mortgage against Wiley based on the lack of notice to her, we sustain Wiley's first assignment of error.

### C. Second and Third Assignments of Error—Moot

{¶ 32} Based on the fact that Wiley was not given proper notice, and because, to the extent the complaint sought "legal" remedies, Wiley is not the proper party for any deficiency beyond an action in rem as against the real estate in question, we reverse and remand and, thus, we do not reach the second and third assignments of error.

### IV. CONCLUSION

{¶ 33} Because we conclude that Davies, being deceased, could not validly have been given notice and the record shows that notice of foreclosure was sent only to her after she was deceased, we sustain Wiley's first assignment of error. Even though notice to one borrower is notice to all under the terms of the mortgage, as a matter of law

No. 15AP-642

CitiMortgage could not provide notice to Davies after her death, and it did not provide notice to Wiley prior to seeking to foreclose upon her property. In addition, to the extent the complaint sought "legal" remedies, Wiley was not the proper defendant. Wiley's first assignment of error is sustained, and the second and third assignments of error are moot. It is the decision of this Court that the decision of the Franklin County Court of Common Pleas is reversed with instructions to deny CitiMortgage's motion for summary judgment and to grant Wiley's motion for summary judgment as it relates to the first assignment of error.

*Judgment reversed;*
*cause remanded with instructions.*

HORTON, J., concurs.
KLATT, J., dissents.

_____

KLATT, J., dissenting.

{¶ 34} Because I would affirm the trial court's grant of summary judgment for appellee, I respectfully dissent.

{¶ 35} As a preliminary matter, I fail to see the need for the majority decision's lengthy foray into the issue as standing. This issue was not raised by the parties and the majority recognizes that appellee clearly has standing to assert its rights under the mortgage. The trial court also expressly stated in its decision granting summary judgment that appellee cannot enforce a personal judgment against appellant because she is not a party to the note. Therefore, the issue of standing has no bearing on the issues raised in this appeal.

{¶ 36} The resolution of appellant's first and second assignments of error turn on whether appellee complied with the notice provisions in the mortgage prior to accelerating the debt after default. It is undisputed that appellant and Ms. Davies are both "borrowers" as defined under the mortgage. Nothing in the record refutes appellee's evidence that it sent the written notice of default via first class mail to Ms. Davies at the property address. Appellant does not contest that the notice of default sent to Ms. Davies provided the information required by the mortgage and was sent to the proper address. Rather, appellant contends that appellee was required to send a notice of default to her personally to satisfy the condition precedent set forth in the mortgage for acceleration of

No. 15AP-642

the debt.  This contention is inconsistent with the express terms of the mortgage and the case law in this district.

{¶ 37} Paragraph 15 of the mortgage provides:

> 15. Notices.  All notices given by Borrower or Lender in connection with this Security Instrument must be in writing.  Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means.  Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise.  The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender.

(Aug. 26, 2014 Aff. in Support of Mot. for Summ. Jgmt., Ex. D at 11.)

{¶ 38} Therefore, paragraph 15 of the mortgage states that any notice required by the mortgage shall be deemed to have been given to the borrower when mailed by first class mail to the property address.[6]  Proof that the notice was received is not required.  Moreover, notice to any one borrower constitutes notice to all borrowers.[7]  Appellant concedes that Ms. Davies and appellant are both borrowers under the terms of the mortgage.  Because it is undisputed that appellee mailed the notice of default to Ms. Davies by first class mail to the property address, appellant also received notice, and therefore, the condition precedent was satisfied.  Whether Ms. Davies received the notice, or was capable of receiving the notice, is irrelevant.  Case law from this district has consistently upheld this interpretation of similar contract provisions. *LSF6 Mercury REO Invest. Trust Series, 2008-1 v. Locke*, 10th Dist. No. 11AP-757, 2012-Ohio-4499 at ¶ 14 (delivery of the notice in the manner specified by the mortgage was completed pursuant to paragraph 15 *when mailed*, and any failure to provide confirmation of delivery is irrelevant); *Regions Bank v. Seimer*, 10th Dist. No. 13AP-542, 2014-Ohio-95, ¶ 21, citing *Wells Fargo Bank, N.A. v. Walker*, 10th Dist. No. 09AP-947, 2010-Ohio-3698, ¶ 9 (co-borrowers' averment that borrowers did not receive bank's notice of default is irrelevant

---

[6] Appellant has not argued that she or Ms. Davies provided appellee with a substitute notice address for the property address.

[7] Appellant has not argued that any state or federal law prohibits or conflicts with this provision of the mortgage.

No. 15AP-642

when the loan documents permit notice to be given by first class mail and bank submitted an affidavit proving that notice was mailed to borrowers); *United States Bank, N.A. v. Weber*, 10th Dist. No. 12AP-107, 2012-Ohio-6024, ¶ 14.

{¶ 39} The contention that Ms. Davies was deceased when the notice was mailed, and therefore, she arguably lacked the capacity to be sued, is also irrelevant. The issue here is not whether Ms. Davies could be sued on the note and mortgage. Neither Ms. Davies or her estate are parties in this case. Appellant's first and second assignments of error challenge whether appellee satisfied the notice provision of the mortgage before it accelerated the debt and foreclosed on the mortgage. As discussed above, under the terms of the mortgage, appellee satisfied the notice provision when it *mailed* the notice to Ms. Davies via first class mail to the property address. *Locke*. Under the terms of the mortgage, it was unnecessary to send a separate notice to appellant. Therefore, I would overrule appellant's first and second assignments of error.

{¶ 40} Lastly, I would overrule appellant's third assignment of error because courts have consistently recognized the power of MERS to serve as mortgagee and assign mortgages as a nominee for lenders. *Countrywide Home Loans Servicing, L.P. v. Shifflet*, 3d Dist. No. 9-09-31, 2010-Ohio-1266; *Deutsche Bank Natl. Trust Co. v. Greene*, 6th Dist. No. E-10-006, 2011-Ohio-1976; *Bank of New York v. Dobbs*, 5th Dist. No. 2009-CA-000002, 2009-Ohio-4742. The reasoning set forth in these decisions is sound.

{¶ 41} For all of these reasons, I respectfully dissent.

———————————