[Cite as *US Bank Trust Natl. Assn. v. Roberts*, 2025-Ohio-48.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

US BANK TRUST NATIONAL
ASSOCIATION,                                        :

     Plaintiff-Appellee,                      :

                                                  No. 113974

     v.                                              :

CARLTON ROBERTS,                                    :

     Defendant-Appellant.                     :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 9, 2025

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-982423

### *Appearances:*

Manley Deas Kochalski, LLC and Anne Marie Johnson,
*for appellee.*

Jazmine Greer, *for appellant.*

EILEEN A. GALLAGHER, A.J.:

{¶ 1} Carlton Roberts ("Roberts") appeals the trial court's order granting summary judgment against him and in favor of U.S. Bank Trust National Association as trustee for REO Trust 2017-RPLI ("U.S. Bank"). For the reasons that follow, we affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 2} On June 6, 2003, Virginia L. Robinson ("Robinson") executed a promissory note (the "Note") for $79,896.60 secured by a mortgage (the "Mortgage") on real property located at 10410 Sandusky Avenue in Cleveland, Ohio (the "Property"). Ultimately, the Note and the Mortgage were assigned to U.S. Bank.

{¶ 3} Robinson died on June 13, 2021. A monthly payment of $589.08 was made on the Note on June 14, 2021. No further payments were made on the Note. On August 27, 2021, U.S. Bank sent Robinson a demand letter and notice of "acceleration of the sums secured by this Mortgage, foreclosure by judicial proceeding, and sale of the Property." No further notices were sent by U.S. Bank regarding the Property.

{¶ 4} On January 19, 2022, title to the Property was transferred to Robinson's heirs. On March 31, 2022, Robinson's heirs transferred title to the Property to Roberts via quitclaim deed.

{¶ 5} On July 14, 2023, U.S. Bank filed a complaint alleging breach of note and foreclosure against Roberts.[1]

{¶ 6} On December 14, 2023, U.S. Bank filed a motion for summary judgment arguing that Robinson defaulted on the Note and, as a result, U.S. Bank was exercising its option to accelerate the balance due per the terms of the Note. On December 18, 2023, Roberts filed an opposition to U.S. Bank's summary judgment

---

[1] U.S. Bank's complaint also listed "Jane Doe Name Unknown, the Unknown Spouse of Carlton Roberts (if any)" as a defendant in this case. The court granted default judgment against this "Jane Doe," who is not a party to this appeal.

motion and his own motion for summary judgment. Roberts did not dispute the facts of this case. Rather, Roberts argued that, pursuant to the terms of the Mortgage, U.S. Bank was required to send a notice of default and acceleration to him as "the current owner, and successor or assign of [Robinson's] interest and rights under the Mortgage" prior to foreclosure. Roberts also argued that *CitiMortgage, Inc. v. Wiley*, 2016-Ohio-5902 (10th Dist.), supports his position.

{¶ 7} On May 6, 2024, the court granted U.S. Bank's motion for summary judgment and denied Roberts' motion for summary judgment, finding that U.S. Bank was not required "to send an additional notice of default letter to [Roberts] after he was transferred the property." In this journal entry, the court also ordered foreclosure of the Property.

{¶ 8} Roberts appeals the trial court's order granting summary judgment against him and raises two assignments of error for our review:

> I. The trial Court erred in denying defendant/appellant Carlton Roberts Motion for Summary Judgment when no genuine issue of material fact exists as to the Plaintiff, US Bank failure to give notice of default and intent to foreclose to Mr. Roberts according to the terms of the Mortgage. . . .

> II. The trial Court erred in granting defendant/appellant Carlton Roberts Motion for Summary Judgment when a genuine issue of material fact existed as to the whether Plaintiff, US Bank motion for summary judgment set forth sufficient evidence entitling it to judgment as a matter of law. . . .

## II. Law and Analysis

{¶ 9} We address Roberts' two assignments of error together because, although somewhat unclear from his appellate brief, we glean that the gist of his

argument is that the court erred by granting U.S. Bank's summary judgment motion and denying his summary judgment motion.

### a. Summary Judgment

{¶ 10} We review summary judgment rulings de novo, applying the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). We accord no deference to the trial court's decision and conduct an independent review of the record to determine whether summary judgment is appropriate.

{¶ 11} Under Civ.R. 56, summary judgment is appropriate when no genuine issue exists as to any material fact and, viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party, entitling the moving party to judgment as a matter of law. On a motion for summary judgment, the moving party carries an initial burden of identifying specific facts in the record that demonstrate his or her entitlement to summary judgment. *Dresher v. Bur*t, 75 Ohio St.3d 280, 292-293 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, the nonmoving party has the reciprocal burden to point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial. *Id.* at 293. Summary judgment is appropriate if the nonmoving party fails to meet this burden. *Id.*

### b. Foreclosure

{¶ 12} To succeed on a foreclosure action, the plaintiff must establish: "(1) that the plaintiff is the holder of the note and mortgage or is a party entitled to enforce the instrument; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) that the mortgagor is in default; (4) that all conditions precedent have been met; and (5) the amount of principal and interest due." *Deutsche Bank Natl. Trust Co. v. Najar*, 2013-Ohio-1657, ¶ 17 (8th Dist.).

### c. Analysis

{¶ 13} Our review of the record in this case shows that the Mortgage documents list Robinson as "Borrower" and U.S. Bank's predecessor as "Lender." The Mortgage documents contain the following language pertinent to this appeal:

> 11. Successors and Assigns Bound . . .: The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower.
>
> 12. Notice. . . . [A]ny notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property . . . .
>
> . . .
>
> 16. Acceleration; Remedies. [U]pon Borrower's breach of . . . this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 . . . .

{¶ 14} Our review also shows that U.S. Bank submitted the following evidence in compliance with Civ.R. 56(C) to support its summary judgment motion: 1) a copy of the Note; 2) a copy of the Mortgage; 3) a copy of the assignment of the Note and the Mortgage to U.S. Bank; 4) the August 27, 2021 demand letter and

notice of acceleration sent to Robinson per sections 12 and 16 of the Mortgage; 5) Robinson's payment history concerning the Note as evidence of default and 6) an affidavit of a representative from U.S. Bank's loan servicer authenticating the aforementioned documents. As stated earlier in this opinion, Roberts does not dispute any of these facts.

{¶ 15} Upon review, we find that U.S. Bank met its initial burden under Civ.R. 56 to show that it is entitled to summary judgment on its claim for foreclosure.

{¶ 16} Under Civ.R. 56's burden-shifting analysis, Roberts had a reciprocal burden to show a genuine issue of material fact for trial. Roberts failed to meet this burden. Instead, Roberts argued that U.S. Bank was not entitled to summary judgment as a matter of law because it failed to notify him of the pending foreclosure pursuant to the Mortgage documents. However, Roberts' position is not supported by the terms of the Mortgage or the law. Roberts cited one case, *CitiMortgage*, 2016-Ohio-5902, in his summary judgment motion to support his argument that U.S. Bank was required to send him notice of the default and acceleration of Robinson's loan as well as the pending foreclosure. Roberts cites this same case and makes the same argument on appeal as he did in his summary judgment motion.

{¶ 17} Upon review of *Wiley*, we find that the facts of that case are markedly different than the facts here. The following facts are taken from the Tenth District Court of Appeals' opinion in *Wiley*:

> On November 16, 2007, Wiley signed a note on behalf of her mother, Adella Davies, acting through a power of attorney as her attorney in fact. The note obligated Davies to repay $277,500 plus interest to a

lender, CitiMortgage. Although Wiley signed as attorney in fact for Davies, Wiley did not sign the note in her personal capacity or become obligated personally for the debt. The note permitted acceleration of the amount due upon default or transfer of the property securing the loan, but it required 30 days notice to the borrower by its terms.

As attorney in fact for Davies, and in her own personal capacity, Wiley executed a mortgage for the property commonly known as 7740 Walnut St., New Albany, Ohio 43054 with a debt amount of $277,500, plus interest. The mortgage identified Wiley and Davies as borrowers and joint tenants.

*Id.* at ¶ 2-3.

**{¶ 18}** The *Wiley* Court found that "Wiley signed the mortgage as a co-signer pursuant to provision 13 of the mortgage. She also is a successor in interest of her mother, Davies, as contemplated in definition (Q) in the mortgage. Moreover, in definition (B) of the mortgage she is identified as a borrower . . . ." *Id.* at ¶ 27. In other words, under the terms of the mortgage at issue in *Wiley*, Wiley was a cosigner, a successor in interest to the borrower and a borrower. As such, "she was entitled to receive the benefit of notice provisions set forth in the mortgage." *Id.* The court in *Wiley* reversed the trial court's granting summary judgment to the plaintiff because "it did not provide notice to Wiley prior to seeking to foreclose upon her property." *Id.* at ¶ 33.

**{¶ 19}** In this case, Roberts did not sign the Mortgage, he is not a successor in interest to Robinson and he is not a "borrower" as defined by the Mortgage. Therefore, U.S. Bank had no duty to notify him of anything concerning the Property.

Accordingly, U.S. Bank is entitled to judgment as a matter of law[2] and Roberts'
assignments of error are overruled.

{¶ 20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the
common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27
of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment:  William A. Klatt, J., retired, of the Tenth District Court
of Appeals.)

---

[2] For the purpose of clarification, we point out that Roberts did not sign the Note
either.  Although the court granted summary judgment in favor of U.S. Bank apparently
on both of the causes of action in its complaint — breach of note and foreclosure — U.S.
Bank is not entitled to, nor did it seek, "a personal judgment against [Roberts] but is
seeking instead to enforce its security interest."